IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAREN M. BALDWIN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-00079-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court previously granted plaintiff Karen M. Baldwin's ("Plaintiff") application to proceed *in forma pauperis*.[2] Before the court is a motion to dismiss by defendant Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Defendant").[3] Plaintiff failed to oppose the motion.

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful and is not necessary. DUCivR 7-1(f).

The court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

---

[1] Docket no. 10.

[2] Docket no. 2.

[3] Docket no. 11.

## BACKGROUND

Plaintiff seeks to appeal a November 2, 2011 decision by an administrative law judge ("ALJ"), denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382.[4]  The agency's Appeals Council declined Plaintiff's request for review in June 12, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[5]  *See* 20 C.F.R. § 422.210.

Plaintiff previously filed a complaint challenging the same November 2011 ALJ decision in August 2013.[6]  After repeated failures to prosecute the case, Judge Nuffer adopted a report and recommendation and dismissed the case without prejudice.[7]  Plaintiff did not appeal the dismissal.

Plaintiff filed her complaint in the underlying action in February 2015.  The complaint is virtually identical to the original complaint and challenges the same November 2011 decision.[8]

## ANALYSIS

A civil action seeking judicial review of an action arising under the Social Security Act must be "commenced within sixty days after the mailing" of the Commissioner's final decision "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481, 422.210; *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Dozier v. Bowen*, 891 F.2d 769, 772 (10th Cir. 1989).  "Mailing" has been interpreted as the date

---

[4] Docket no. 3.

[5] *Id.*

[6] *See Baldwin v. Colvin*, No. 2:13-cv-00737-DN (D. Utah).

[7] *Id.*

[8] *See* docket no. 3 at ¶ 9.

of receipt by the individual. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

Here, the sixty-day period for commencing a civil action ended on or about August 16, 2013. Because Plaintiff did not file the underlying complaint until February 5, 2015, her complaint is time barred.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that that the motion to dismiss be **GRANTED**. Because amendment of the complaint would be futile, it is **RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE**.

* * * * *

The court will send copies of this report and recommendation to the parties, who are hereby notified of their right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection to this report and recommendation must be filed within fourteen (14) days after a party is served with a copy of it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 28th day of November, 2016.

_____
PAUL M. WARNER
United States Magistrate Judge